**SO ORDERED.**

**SIGNED this 23 day of April, 2010.**

_James P. Smith_
_____
**JAMES P. SMITH**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 7 |
| | : | |
| SHANNON HOWARD CONNER and | : | |
| ERIN GINN CONNER, | : | |
| | : | |
| Debtors | : | Case No. 09-30750 JPS |
| | : | |
| JAMIE DALE DAVIS, | : | |
| | : | |
| Plaintiff | : | |
| vs. | : | Adversary Proceeding |
| | : | No. 09-3033 |
| SHANNON HOWARD CONNER, | : | |
| | : | |
| Defendant | : | |
| | : | |

BEFORE

JAMES P. SMITH
UNITED STATES BANKRUPTCY JUDGE

COUNSEL:

Plaintiff:                      James A. Attwood
                                6400 Powers Ferry Road, Suite 112
                                Atlanta, Georgia 30339

Defendant:                      R. Douglas Lenhardt
                                230 College Ave., Suite 500
                                Athens, Georgia 30605

## MEMORANDUM OPINION

This matter arises in an adversary proceeding in which the Plaintiff, Jamie Dale Davis ("Davis"), seeks to have his claim against the Debtor, Shannon Howard Conner ("Debtor"), declared nondischargeable under 11 U.S.C. § 523(a)(4) and (6).  Davis has filed a motion for summary judgment to which Debtor has responded.  The Court, having considered the motion, the response and the record, now publishes this memorandum opinion.

## FACTS

Prior to the filing of this bankruptcy case, Davis filed a complaint in the Superior Court of Franklin County, Georgia (the "state court action") against Debtor and Conner Auto Sales, Inc. ("Conner Auto") in which Davis contended that he and Debtor had been partners in a used car business.  Davis contended that he made numerous loans to Debtor and Conner Auto.  Davis further alleged that he and Debtor had an agreement to share the partnership's profits on an equal basis and that Debtor failed to pay Davis his share of the profits.  The complaint sought judgment for breach of contract, breach of fiduciary duty, conversion, attorney's fees and expenses of litigation, and punitive damages.

Subsequently, the Superior Court of Franklin County entered an order[1] which

---

[1] See Plaintiff's Exhibit D attached to Plaintiff's Amended Complaint To Determine Dischargeability Of A Particular Debt.

3

provided as follows:

ORDER

> Plaintiff's [Davis'] Motion for Summary Judgment is
> GRANTED.  Judgment is entered in favor of Plaintiff [Davis] on his
> claims for breach of contract, breach of fiduciary duty, attorney's fees
> under O.C.G.A § 13-6-11, and compensatory damages.  It is hereby
> ordered and adjudged that Plaintiff [Davis] shall recover $119,202.19
> from Defendants [Debtor] and Conner Auto Sales, Inc.

Thereafter, Debtor and his wife[2] filed a joint petition under Chapter 7 of the

Bankruptcy Code.  Debtor and his wife were represented by counsel in the initial

bankruptcy filing.  Davis then filed his complaint objecting to the dischargeability of

Debtor's obligation arising from the state court judgment, contending that Debtor's

obligation is nondischargeable under sections 523(a)(4) and (6) of the Bankruptcy

Code.  Debtor timely filed a response denying the allegations regarding

nondischargeability.  Subsequently, the Court entered an order allowing Debtor's

counsel to withdraw in this adversary proceeding.

Thereafter, Davis filed a motion for summary judgment and a statement of

uncontested facts.  Debtor, after obtaining new counsel, filed a response to the motion

for summary judgement, a statement of material facts in dispute, and an affidavit.[3]

---

[2] Debtor's wife is not a party in this adversary proceeding.

[3]Although Debtor filed his responsive materials more than 21 days after Davis served his
statement of uncontested facts, the Court will not deem such facts as admitted. Our local
rules provide that material facts "may be deemed admitted" if not timely controverted.  M.D.
Ga. LBR 7056-1(b),(c).  After obtaining new counsel, Debtor immediately filed responsive

## CONCLUSIONS OF LAW

"A motion for summary judgment should be granted when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' F.R.Civ.P. 56(c)." . . . *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986); *see also Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996). On a summary judgment motion, the record and all reasonable inferences that can be drawn from it must be viewed in the light most favorable to the non-moving party. *See Cast Steel*, 348 F.3d at 1301." Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004), cert. denied 543 U.S. 1146, 125 S.Ct. 1295, 161 L. Ed.2d 106 (2005).

_____The allegations made by Davis in this adversary proceeding are essentially the same allegations made in the state court action. In his motion for summary judgment, Davis contends that as a result of the state court judgment, collateral estoppel bars relitigation of any issues decided by the state court and that the state court judgment establishes that Debtor's obligation is nondischargeable in bankruptcy.

"Collateral estoppel prohibits the relitigation of issues that have been adjudicated in a prior action. The principles of collateral estoppel apply in discharge

materials which controverted Davis's statement of uncontested facts. There is no suggestion that Davis has been prejudicial in any way by the late filing.

exception proceedings in bankruptcy court." <u>Bush v. Balfour Beatty Bahamas, Ltd.</u>

(<u>In re Bush</u>), 62 F.3d 1319, 1322 (11th Cir. 1995).  In <u>St. Laurent v. Ambrose</u> (<u>In re</u>

<u>St. Laurent</u>),[4] the Eleventh Circuit Court of Appeals stated:

> If the prior judgment was rendered by a state court, then
> the collateral estoppel law of that state must be applied to
> determine the judgment's preclusive effect. . . .  While
> collateral estoppel may bar a bankruptcy court from
> relitigating factual issues previously decided in state court,
> however, the ultimate issue of dischargeability is a legal
> question to be addressed by the bankruptcy court in the
> exercise of its exclusive jurisdiction to determine
> dischargeability.

991 F.2d at 675-76.

Thus, the Court will look to Georgia law to determine the effect of the state

court judgment.  In Georgia:

> "[T]he doctrine of collateral estoppel precludes relitigation
> when there is: (1) an identity of parties or their privies; (2) a
> previous determination of the same or similar issues in a
> previous court with competent jurisdiction; and (3) [collateral
> estoppel] precludes only those issues actually litigated or by
> necessity had to be decided for the judgment to be rendered."

<u>Cincinnati Insurance Co. v. MacLeod</u>, 259 Ga. App. 761, 577 S.E. 2d 799, 803

(2003) <u>cert.</u> <u>denied</u>.

Clearly, the parties in the state court action and in the adversary proceeding

are the same except that Debtor's business, Conner Auto Sales, Inc., is not a party in

this adversary proceeding.  Thus, whether collateral estoppel applies depends on what

---

[4] 991 F.2d 672 (11th Cir. 1993).

6

issues were actually litigated in the state court action and whether the same issues are

presented in this adversary proceeding.

Debtor contends that collateral estoppel is not applicable to the state court

judgment which Debtor contends was, in essence, a default judgment because the

judgment was based on Debtor's "deemed admissions" resulting from his failure to

respond to some of the allegations in Davis' complaint and to the requests for

admission served on Debtor by Davis in the state court action.  However, the state

court entered an order granting Davis' motion for summary judgment, rather than a

default judgment.  "Summary judgment is an adjudication on the merits and, where it

disposes of the entire case, constituted a final judgement."  Vann v. Billingsley, 234

Ga. App. 803, 508 S.E.2d 180, 182 (1998).  See Summer - Minter & Assoc., Inc. v.

Girodano, 231 Ga. 601, 203 S.E.2d 173, 176 (1974).[5]

In this adversary proceeding, as in the state court action,, Davis contends that

he and Debtor were partners in business, that Debtor breached his fiduciary duty and

that Debtor intentionally deprived Davis of his share of the partnership's profits.

Davis contends that Debtor's obligation arising from the state court judgment is

---

[5] Even if the judgment was a default judgment as Debtor contends, the result would be
the same.  In Georgia, collateral estoppel is applicable to defaults.  Spooner v. Deere
Credit, Inc., 244 Ga. 681, 536 S.E.2d 581 (2000).  Compare American States Insurance Co.
v. Walker, 223 Ga. App. 194, 477 S.E.2d  360 (1996) (collateral estoppel applies to default
judgment entered after no answer filed);  Branton v. Hooks (In re Hooks), 238 B.R.
880, 884-85 (Bankr. S.D. Ga. 1999) (state court default judgment has collateral estoppel
effect in nondischargeable action in bankruptcy); League v. Graham (In re Graham), 191
B.R. 489, 494-97 (Bankr. N.D. Ga. 1996) (same).

nondischargeable under sections 523(a)(4) and (6) of the Bankruptcy Code, which

provide:

### § 523.  Exceptions to discharge

>   **(a)** A discharge under section 727, 1141, 1228(a),
>   1228(b), or 1328(b) of this title does not discharge an
>   individual debtor from any debt—
>
>   . . .
>
>   **(4)** for fraud or defalcation while acting in a
>   fiduciary capacity, embezzlement, or larceny;
>
>   . . .
>
>   **(6)** for willful and malicious injury by the debtor to
>   another entity or to the property of another entity;

11 U.S.C.A. § 523(a)(4), (6) (West 2004).

To prevail on a nondischargeability claim under section 523 (a)(4) "for fraud

or defalcation while acting in a fiduciary capacity," the plaintiff  must prove the

existence of a technical trust[6] that was created voluntarily by contract, often referred

to as an express trust, or a trust created by statute that imposes fiduciary duties.  The

trust relationship must arise prior to the fraudulent act.  The term "fiduciary" is not

construed expansively.  Involuntary trusts such as constructive or resulting trusts do

not satisfy section 523(a)(4) because the act which created the debt simultaneously

---

[6] A technical trust, also called a passive trust, is a trust in which the trustee has no duty
other than to transfer the property to the beneficiary.  Black's Law Dictionary 1550, 1552
(8th ed. 2004).

8

created the trust relationship.  Guerra v. Fernandez-Rocha (In re Fernandez-Rocha),

451 F.3d 813, 816 (11th Cir. 2006); Quaif v. Johnson, 4 F.3d 950, 953-54 (11th Cir.

1993); Karl v. Stalnaker (In re Stalnaker), 408 B.R. 440, 446 (Bankr. M.D. Ga.

2009), aff'd 2010 WL 1258018 (M. D. Ga., Mar. 26, 2010).

       While federal law determines whether a fiduciary relationship exists, reference

to state law is relevant to determine whether a trust obligation exists.  Schwager v.

Fallas (In re Schwager), 121 F.3d 177,186 (5th Cir. 1997); Blashke v. Standard (In re

Standard), 123 B.R. 444, 453 (Bankr. N.D. Ga. 1991); Betz v. Gay (In re Gay),

117 B.R. 753, 754 (Bankr. M.D. Ga. 1989).

       "[M]ere breach of fiduciary duty is not the same as the requirements for an 11

U.S.C. § 523(a)(4) nondischargeability finding."  Omega Cotton Corp. v. Sutton (In

re Sutton), 2008 WL 4527761 (Bankr. M.D. Ga., Oct. 2, 2008) (Laney, C.J.).  A

relationship that simply involves confidence, trust and good faith does not satisfy the

requirements of section 523(a)(4). See Angelle v. Reed (In re Angelle), 610 F.2d

1335, 1341 (5th Cir. 1980) (applying § 17(a)(4) of the former Bankruptcy Act).[7]  See

LSP Investment Partnership v. Bennett (In re Bennett), 989 F.2d 779, 784 (5th Cir.

cert. denied 510 U.S. 1011, 114 S.Ct. 601, 126 L.E.2d 566 (1993) (stating that

Angelle is the seminal case interpreting fiduciary capacity and that § 17(a)(4) of the

_____

   [7] This Court is bound by all decisions handled down by the former Fifth Circuit Court of
Appeals prior to October 1, 1981.  Bonner v. City of Prichard, Alabama, 661 F.2d 1206,
1209 (11th Cir. 1981).

former Bankruptcy Act and section 523(a)(4) of the Bankruptcy Code are similar

enough that decisions construing the prior statute are applicable)).

In the state court action, the state court granted Davis judgment against Debtor

on, inter alia, Davis' breach of fiduciary duty claim .[8]  Under Georgia law, a claim for

breach of fiduciary duty requires proof of (1) the existence of a fiduciary duty, (2)

breach of that duty, and (3) damages proximately caused by the breach.  <u>Griffin v.</u>

<u>Fowler</u>, 260 Ga. App. 443, 579 S.E.2d 848, 850 (2003) <u>cert. denied</u>.

"Unquestionably, partners owe a fiduciary duty to one another."  <u>Conner v. Hart</u>, 252

Ga. App. 92, 555 S.E.2d 783, 786 (2001) (citing O.C.G.A. § 23-2-58)  <u>See</u> <u>Hendry v.</u>

<u>Wells</u>, 286 Ga. App. 774, 650 S.E.2d 338, 346 (2007) <u>cert. denied</u> (citing O.C.G.A. §

23-2-58).

However, under Georgia law, a claim for breach of fiduciary duty does not

depend upon the existence of a technical, express or statutory trust.  Thus, the three

bankruptcy courts in Georgia which have addressed the issue of whether a partner's

fiduciary duties under Georgia law satisfies the fiduciary capacity requirement under

section 523(a)(4) have unanimously concluded that it does not.  <u>Tarpon Point, LLC v.</u>

<u>Wheelus</u> (<u>In re Wheelus</u>), 2008 WL 372470 (Bankr. M.D. Ga., Feb. 11, 2008)

(Walker, J.) (members in limited liability company); <u>Blashke v. Standard</u> (<u>In re</u>

<u>Standard</u>), 123 B.R. 444, 451-55 (Bankr. N.D. Ga. 1991) (Bihary, J.); <u>Betz v. Gay</u> (<u>In</u>

---

[8] In this adversary proceeding, Plaintiff does not contend that his claim against Debtor
for breach of contract is nondischargeable.

re Gay), 117 B.R. 753 (Bankr. M.D. Ga. 1989) (Hershner, J.).

An objection under section 523(a)(4) for "fraud or defalcation while acting in a fiduciary capacity" requires the existence of a trust.  Davis did not allege in the state court action that a technical, express or statutory trust existed between him and Debtor.[9]  Under Georgia law, the existence of a trust is not a necessary element for a breach of fiduciary duty claim.  Thus, the state court's judgment on breach of fiduciary duty did not include, nor did it have to include, a determination of the existence of a trust.  Accordingly, the state court judgment finding that Debtor breached his fiduciary duty to Davis does not act as collateral estoppel with respect to the issue of whether such judgment is nondischargeable under section 523(a)(4) of the Bankruptcy Code.

Davis also contends that Debtor converted to his own use Davis' share of the partnership's profits and that this claim is nondischargeable under sections 523(a)(4) and (6).  However, the terms of the state court judgment clearly show that the state court did not rule on Plaintiff's claim of conversion.  "Before collateral estoppel will bar consideration of an issue, that issue must actually have been decided."  Karan, Inc. v. Auto-Owners Insurance Co., 280 Ga. 545, 629 S.E.2d 260, 263 (2006).  Thus, the Court concludes that collateral estoppel does not apply to Davis' claim of conversion under sections 523(a)(4) and (6).

---

[9] Nor has such an allegation been made in this adversary proceeding.

11

Finally, Davis contends that Debtor's obligation is nondischargeable under section 523(a)(6) "for willful and malicious injury by the debtor to another entity or to the property of another entity." Davis contends that Debtor is collaterally estopped from relitigating this issue by the state court judgment because Debtor, in the state court action, is deemed to have admitted that he "displayed a specific intent to harm [Davis]" and "intentionally failed to share the business's profits with [Davis]."

In both this adversary proceeding and the state court action, Davis' complaint is based, in part, on an intentional breach of fiduciary duty arising from Debtor's failure to share the partnership's profits. The only evidence on breach of fiduciary duty before the state court on Davis' motion for summary judgment was the alleged intentional conduct of Debtor. Thus, the only basis for the state court's judgment on breach of fiduciary duty was the evidence of the intentional acts of Debtor. Accordingly, this Court finds that the issue of an intentional act by the Debtor was litigated and the state court did determine that Debtor acted intentionally.

In Kawaauhau v. Geiger,[10] the Supreme Court held that, as used in section 523(a)(6), "willful" means "a deliberate or intentional injury".[11] Since the state court determined that Debtor acted intentionally to deprive Davis of his share of the profits, the Court concludes that the state court judgment collaterally estopps the relitigation

---

[10] 523 U.S. 57, 118 S. Ct. 974, 977, 140 L.E.2d 90 (1998).

[11] Id. at 118 S. Ct. at 977.

of this issue and that Debtor's obligation under the state court judgment for breach of

fiduciary duty is nondischargeable under section 523(a)(6).

     However, this conclusion does not fully resolve this adversary proceeding.

The state court judgment found in favor of Davis on his claims of breach of contract,

breach of fiduciary duty, attorney's fees and compensatory damages.  The amount of

the judgement was $119,202.19.  The state court did not allocate the amount of this

judgment among the various claims.  Thus, an issue of material fact remains to be

tried with respect to how much of the judgment amount ($119,202.19) can be

attributable to the intentional breach of fiduciary claim.

     According to the evidence before the state court, at the time Davis and Debtor

disbanded their partnership, Debtor owed Davis approximately $95,000 in unshared

profits and loans.  Of that amount, $61,579.17 plus interest was related to loans made

by Davis to Debtor and Conner Auto.  Thus, at most, $33,420.83 (less the interest

component relating to the loan debt of $61,579.17) can be attributed to damages

arising out of the intentional breach of fiduciary duty.  There is no evidence as to the

amount of the interest associated with the loans.  Thus, there remains an issue of

material fact relating to the amount of the nondischargeable claim.

     The state court also entered judgment in favor of Davis on his claim for

attorney's fees under O.C.G.A. § 13-6-11.[12]  These attorney's fees are

---

[12] "O.C.G.A. § 13-6-11 applies to both contract and tort cases."  Lowery v. Roper, 293
Ga. App. 243, 666 S.E.2d 710, 711 n.2 (2008) cert. denied.

nondischargeable under section 523(a)(6) to the extent they are attributable to the

underlying intentional breach of fiduciary duty claim.[13]  Stinson v. Morris (In re

Morris), 2005 WL 6459867 (Bankr. N.D. Ga., Dec. 2, 2005).  Since the record is

devoid of any evidence of how much of the state court judgment of $119, 202.19 is

attributable to attorney's fees arising from the intentional breach of fiduciary duty

claim, there exists a genuine issue of material fact as to the amount of attorney's fees

that are nondischargeable.

CONCLUSION

Federal Rule of Civil Procedure 56(d), made applicable to this adversary

proceeding by Bankruptcy Rule 7056, provides;

**(d) Case Not Fully Adjudicated on the Motion.**

**(1)  Establishing Facts**.  If summary judgment is not
rendered on the whole action, the court should, to the
extent practical, determine what material facts are not
genuinely at issue.  The court should so determine by
examining the pleadings and evidence before it and by
interrogating the attorneys.  It should then issue an order
specifying what facts - including items of damages or
other relief - are not genuinely at issue.  The facts so
specified must be treated as established in the action.

**(2) Establishing Liability.**  An interlocutory summary
judgment may be rendered on liability alone, even if there
is a genuine issue on the amount of the damages.

---

[13] Since Davis does not contend that his state court breach of contract claim is
nondischargeable, the attorney's fees attributable to that claim are dischargeable in
bankruptcy.

14

Fed. R. Civ. P. 56(d).

In conclusion, the Court determines that Plaintiff Jamie Dale Davis has failed

to establish that he is entitled to summary judgment with respect to his claim for

breach of fiduciary duty under section 523(a)(4) and on his claim for conversion

under sections 523(a)(4) and (6).  The Court determines that as a result of the state

court judgment the following facts have been established and, under the doctrine of

collateral estoppel, may not be relitigated or challenged in this adversary proceeding:

    a.    Prior to the filing of this bankruptcy case, Davis and Debtor were partners in a used car business and had an agreement to share the partnership's profits on an equal basis.

    b.    Debtor intentionally failed to pay Davis his share of the profits.

    c.    The amount of the unshared profits is $95,000 less the amount of unpaid loans owed by Debtor to Davis ($61,579.17 plus interest on the loans to the date of the state court judgment).

This Court also concludes that, as a result of the state court judgment and the

application of collateral estoppel, Plaintiff Jamie Dale Davis is entitled to partial

summary judgment in that he has established that his claim against Debtor under the

state court judgment for intentional breach of fiduciary duty and any attorney fees

attributable thereto is nondischargeable under section 523(a)(6).  However, there

remains a genuine issue of material fact as to how much of the damages and

attorney's fees awarded in the state court judgment are attributable to the intentional

breach of the fiduciary duty claim and attorney fees.

15

An order in accordance with this memorandum opinion will be entered this

date granting in part and denying in part  Davis' motion for summary judgment.

** END OF DOCUMENT **